Ransone vs. Grist.

Phil. Ev., 291; 1 Gr. Ev., sec. 461.   No new trial to support impeached witness : 9 Ga. R., 4; 10th, 527 ; 13th, 513 ; 25th, 182 : 34th, 110 ; 3 John. R., 255 ; 5 John. R., 248 ; 4 John. R., 424; 37 Ga. R., 48 ; 38th, 650.   As to newly discovered evidence.: 34 Ga. R., 114, 569 ; Irwin's Code, sec. 3665, etc.

---

JAMES B. RANSONE, plaintiff in error, *vs.* R. J. F. GRIST, defendant in error.

The Superior Courts of this State, have no jurisdiction to set aside and vacate a judgment of a Superior Court, in this State, in 1866, on the ground that it is founded on a debt, the consideration of which was slaves, or the hire thereof.   Whilst the Court and officers, as now organized, may not have jurisdiction to *enforce* such a judgment, they have yet no jurisdiction to vacate and annul it.

Motion to vacate Judgment on slave note.   Before Judge HARRELL.   Early Superior Court.   April Term, 1869.

Ransone *vs.* Grist.

Ransone sued Grist upon notes made in 1854 and 1860, and obtained a judgment thereon, at October Term, 1866, of said Court. *Fi. fa.* had issued from said judgment, but no effort was being made to enforce payment of the judgment. At April Term, 1868, Grist moved to have said *fi. fa.* satisfied, upon the ground that the consideration of said notes was slaves. GRIST testified that said notes were given for slaves, bought before their said dates. Thereupon, the Court ordered the *fi. fa.* returned into Court, and declared the judgment null and void. This is assigned as error.

JOHN T. CLARK, for plaintiff in error, said that whilst Constitution of Georgia, Article 5, Section 17, prevented enforcement of slave debts, it did not authorize Courts to set aside the judgments and *fi. fas.* founded on them : Shorter vs. Cobb, 38th Ga. R.; said prohibition is unconstitutional : Const. U. S., Art. 1, Sec. 10.

HOOD & KIDDOO, for defendant, a void judgment may be set aside in any Court : Irwin's Code, sec. 3536, and said judgment was void, under the case of Cobb vs. Shorter, 38th Ga. R., and Art. 5, Sec. 17, Constitution of Georgia.

McCAY, J.

The Constitution of 1868 declares that no Court of this State shall have, nor shall the Legislature give to any Court, jurisdiction to try, give judgment upon, or enforce any debt, the consideration of which is a slave. Con. 1868, Art. 5, Sec. 18, Proviso.

The Court below, in this case has taken jurisdiction, to *set aside* a judgment obtained in one of the Courts of this State, in 1866, which judgment was founded on a debt, the consideration of which was a slave. There was no attempt being made by the owner of the judgment to enforce it, and the Court was called upon, by the defendant, to declare the judgment vacated.

The Constitution of 1868 gives to the Superior Court, created by its provisions, custody of the records of the In-

ferior Courts, the County Courts, and the Superior Courts, held in this State, before and after January, 1861, up to the going into operation of the organization set up by that Constitution, and authorizes it to perfect and enforce, and take jurisdiction over, all the incomplete records and judgments belonging to said Courts, whenever it has, by that Constitution, jurisdiction over the cause of action on which said suits and judgments are founded, but not otherwise. Con., 1868, Art. 11, Sec. 6.

Where does the Superior Court of Randolph county get authority to set aside a judgment, not obtained in that Court, and over which the Constitution gives it no jurisdiction ?

The Superior Courts of this State, as now organized, do not take jurisdiction over the judgments and proceedings in the Courts held in this State, under the Confederacy, and previously to the revolution, by succession ; there has been no succession. The government now organized in Georgia, is based upon the assumption that it found the State without legal Courts, that, in 1861, the whole civil organization of the State fell by revolution, that an *interregnum* took place in legal, civil government, until July, 1868, when the people of Georgia set up for themselves, an entirely new government, that they did not change, modify, or alter, the old organization, but, finding themselves in civil anarchy, they, under the Act of Congress, made an entirely new government.

By the theory acted upon, the judgments and proceedings of the Courts existing under the Confederacy, and before, have, under the new government, only such force as the Constitution gives them. Such is the clear meaning of Article 11, Section 6, and such must be the theory of the case, logically to establish the legality of the present government.

If, under the previous organizations, there was obtained a judgment for a debt, of which the Courts of those organizations had jurisdiction, the record and proceedings are by the Constitution placed in *custody* of the present Courts, and

those Courts are authorized to take full jurisdiction to complete and enforce them ; they are ratified and confirmed, with certain exceptions, and the new Courts, in every matter over which they have jurisdiction, may deal with them as though they were their own records and proceedings. Art. 11, Sec. 6. But over judgments, the consideration of which is slaves, jurisdiction is not only not granted but denied, and the new Courts have nothing to do with them, but to take care of the "records, papers and proceedings."

What is the effect of these judgments, we are not at present called upon to decide. It is a very interesting question, but we will not undertake to discuss it now, as no such question is in this bill of exceptions.

So far as this order of the Court below directs this *fi. fa.* to be brought into Court by the sheriff, it is well enough ; that it may well do, as the proper custodian of it, but the Court had no jurisdiction to set the judgment aside. The Superior Court might as well vacate a Justice Court judgment, as this judgment. Jurisdiction over judgments, previously to the 21st of July, of any Court, when the debt, upon which the judgment is founded, was a slave, has not been conferred upon the Superior Courts, and neither they, nor their officers, can enforce them or pass upon their validity. Judgment reversed.